KRZYWOSYNSKI v. CONSOLIDATED GAS CO. OF NEW YORK.

(Superior Court of New York City, General Term.  January 7, 1895.)

NEGLIGENCE—EVIDENCE.

In an action against a gas company for injuries caused by an explosion of gas, the evidence does not show negligence on the part of defendant where it appears that the gas was found leaking in the cellar of a house; that one of defendant's employés was notified, and he immediately went into the cellar to ascertain the whereabouts of the leak;  and that the explosion occurred almost as soon as he entered the cellar, though he took no light with him, and did nothing to cause the explosion.

Appeal from jury term.

Action by Frank Krzywosynski, an infant, by Theodore Krzywosynski, his guardian ad litem, against the Consolidated Gas Company of New York, for personal injuries.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Lord, Day & Lord, for appellant.
Eugene I. Yuells, for appellee.

GILDERSLEEVE, J.    The jury in this case rendered a verdict for the plaintiff, and assessed the damages at $1,000.    The plaintiff sustained the injuries which this award was intended to compensate by an explosion of gas, supplied by defendant corporation to the premises where the accident occurred.    No contributory negligence by the plaintiff was urged, and the liability of the defendant, if any, rested upon its alleged negligence.    The serious question presented for review arises upon the defendant's exception to the refusal of the trial judge to dismiss the complaint at the close of plaintiff's case, upon the ground that there was no evidence connecting the defendant with the accident; and also upon the exception taken at the close of the evidence to the denial of the motion that a verdict be directed for the defendant.    Was the defendant's negligence established by a fair preponderance of proof?    If we look at the evidence in a light most favorable to the plaintiff, can it be said that a prima facie case is made out?    It is established by the evidence that on the 18th day of May, 1892, at about 5 o'clock in the afternoon, the gas was found to be leaking in the cellar of the premises No. 172 Eldridge street, in this city; that the plaintiff, with another boy, was lawfully standing upon the cellar door in front of the premises in question; that the housekeeper of the premises was notified of the smell of gas, and she at once called the attention of one of defendant's employés to the fact; that this employé, one Conlin, forthwith went into the cellar for the purpose of ascertaining the whereabouts of the leak, or the cause thereof, and that the explosion occurred almost immediately upon Conlin's entering the cellar; that the plaintiff was thrown by the explosion, and sustained thereby the injuries in question.    It cannot be said that Conlin was guilty of negligence in going into the cellar.    He took no light with him, and nothing was done by him that can be assigned as the cause of the explosion; nor does it appear that he omitted to do anything which, if done, would have prevented the explosion.    There is nothing in the testimony to indicate the cause of the leak, nor its exact location.    Gas was escaping, and it is reasonable to suppose that, had a sufficient time elapsed between Conlin's entry into the cellar and the explosion to enable him to make a careful examination, he would have discovered the locality and nature of the leak.    The cause of the accident does not appear.    The jury, therefore, were not entitled to infer that it was due to any negligence on Conlin's part.    By conjecture and presumption the cause of the accident could be attributed to any one of several causes with quite as much certainty as to the negligence of the defendant.    There is no evidence whatever of any defective workmanship on the part of the defendant, nor is there any evidence of defendant's failure to make repairs, upon which a

liability can be predicated. The defendant entered diligently upon the work of ascertaining the cause of the leak, and the explosion occurred before the discovery of the cause could be learned. We are forced to the conclusion, therefore, that the testimony does not warrant the finding either that defendant was responsible for the leak or for the explosion. The testimony fails to establish the defendant's negligence, and the verdict, therefore, is not supported by the evidence. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.